# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

March 10, 2005

Before

Hon. Joel M. Flaum, *Chief Judge*

Hon. Daniel A. Manion, *Circuit Judge*

Hon. Michael S. Kanne, *Circuit Judge*

No. 03-3380

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff-Appellee,*<br><br>v.<br><br>JOHN D. OHLINGER,<br>    *Defendant-Appellant.* | Appeal from the United States District Court for the Western District of Wisconsin.<br><br>No. 02 CR 150<br><br>John C. Shabaz,<br>*Judge.* |

## ORDER

On August 2, 2004, this Court issued an opinion and order vacating Ohlinger's sentence and remanding for resentencing. Plaintiff-appellee filed a petition for rehearing on September 15, 2004. After consideration of the petition, all of the judges on the original panel have voted to deny rehearing, and the petition is therefore DENIED. However, this Court hereby amends its August 2, 2004 opinion in light of the Supreme Court's decision in *Booker v. United States*, 125 S. Ct. 738 (2005) and this Court's decision in *United States v. Paladino*, et al., Nos. 03-2296, et al. (7th Cir. Feb. 25, 2005).

The slip opinion issued on August 2, 2004 is amended as followed:

The language on pages 3 and 4 is withdrawn and replaced by the following:

## II. Discussion

Ohlinger raises a number of challenges to his sentence. The district court sentenced Ohlinger prior to the Supreme Court's decision in *Booker v. United States*, 125 S. Ct. 738 (2005) and treated the sentencing guidelines as mandatory. In accordance with *Booker* and our recent decision in *United States v. Paladino* et al., No. 03-2296, et al. (7th Cir. Feb. 25, 2005), we remand this case to the district court for determination whether that court would have imposed the same sentence had it understood that the guidelines were advisory.

## III. Conclusion

Pursuant to the procedure announced in *Paladino*, we direct a limited remand of Ohlinger's sentence while retaining appellate jurisdiction.